**COUNTY FUNDS: USES: TAX FORFEITED LAND SALE:** County may purchase motor vehicles with tax forfeited land sales funds. Vehicles must be used exclusively for maintenance and improvement of tax forfeited lands.

107b-19
(Cr. Ref. 104b-16)

December 18, 1997

Joseph A. Evans
Becker County Attorney
Lincoln Professional Center
P.O. Box 743
Detroit Lakes, MN 56502

Dear Mr. Evans:

In your letter to the Office of the Attorney General you set forth the following:

## FACTS

The Becker County Board has appointed a land commissioner and two assistants pursuant to Minnesota Statute Section 282.13 to manage approximately 74,000 acres of tax forfeited land within the County. The properties are managed primarily for their production of timber. Annually, approximately 15,000 cords of stumpage are sold to loggers. Much of the land under management is located in relatively remote areas where roads are poor and travel difficult.

Management duties of the land commissioner and his assistants include inspection of timber growth, cruising timber tracts, marking boundaries, administering timber sales, monitoring logging operations, employing timber management practices, checking lease sites, inspecting forest roads and trails, installing and inspecting gates, laying out forest roads and trails, planting seedlings and trees, brushing road ditches, clearing fallen timber from roads, inspecting buildings, etc. In order to accomplish these duties, the land commissioner and his assistants have used four-wheel drive pickup trucks. These trucks provide transportation for the land commissioner and his assistants to travel from the land commissioner's office at the Becker County Courthouse to the various tax forfeited tracts located in the County. These vehicles are also used to transport equipment and materials including fencing, gates, culverts, chainsaws, hand tools, and other equipment used in maintenance of the properties and roads and in the planting of seedlings.

You then ask the following:

## QUESTION

May Becker County purchase four-wheel drive pickups for the use of its land commissioner and his assistants with monies from the forfeited tax sale fund established under Minnesota Statutes Section 282.09?

**OPINION**

As qualified below, we answer your question in the affirmative.

On July 1, 1964 the Office of the Attorney General responded to the following question posed by the Lake County Attorney: "Does the County Board have authority to purchase a motor vehicle for the use of said (the Lake County) land commissioner and pay for the same from the Tax Forfeited Sale Fund?" We responded that the Lake County Board did not have authority to purchase a motor vehicle from the fund. Op. Atty. Gen. 104b-16, July 1, 1964. At the time this opinion was issued Minn. Stat. Section 282.09, subdivision 2 read, in pertinent part, as follows:

> Subd. 2. **Forfeited tax sale fund; expenditures.** In all counties, from said "Forfeited Tax Sale Fund," the authorities duly charged with the execution of the duties imposed by sections 282.01 to 282.13, at their discretion, may expend moneys in repairing any sewer or water main either inside or outside of any curb line situated along any property forfeited to the state for nonpayment of taxes, and to cut down, otherwise destroy or eradicate noxious weeds on all tax-forfeited lands."

However, section 282.09, subdivision 2 was amended in 1967 to expand the purposes for which money from the fund may be spent and now reads, in pertinent part, as follows:

> Subd. 2. **Forfeited tax sale fund; expenditures.** In all counties, from said "Forfeited Tax Sale Fund," the authorities duly charged with the execution of the duties imposed by sections 282.01 to 282.13, at their discretion, may expend moneys in repairing any sewer or water main either inside or outside of any curb line situated along any property forfeited to the state for nonpayment of taxes, *to acquire and maintain equipment used exclusively for the maintenance and improvement of tax-forfeited lands,* and to cut down, otherwise destroy or eradicate noxious weeds on all tax-forfeited lands." See 1967 Minn. Laws Extra Session Chapter 23.

The 1967 amendment to Section 282.09, in our opinion, now provides Becker County with the authority to purchase a vehicle for its land commissioner so long as the vehicle is used <u>exclusively</u> for the maintenance and improvement of tax-forfeited lands. To the extent that Op. Atty. Gen. 104b-16, July 1, 1964 is inconsistent with the opinion it is superseded.

The facts set forth in your letter indicate that land within the county is managed primarily for the production of timber. Therefore, "maintenance and improvement" of tax-forfeited lands in Becker County would, for the most part, involve activities related to access to, production of and harvesting of timber. Most of the management duties of the land commissioner described in your letter appear to be reasonably related to providing access to timber lands (inspecting forest roads and trails, installing and inspecting gates, laying out forest roads and trails, brushing road ditches, clearing fallen timber from roads), production of timber (inspecting timber growth, cruising timber tracts, employing timber

management practices, planting seedlings and trees) or harvesting of timber (marking boundaries, administering timber sales, monitoring logging operations, checking lease sites). From the facts presented, however, it is difficult to assess how inspecting buildings might be related to managing tax forfeited land for production of timber. The important point is that section 282.09, subdivision 2 requires that equipment purchased pursuant to that section be used "exclusively for the maintenance and improvement" of tax-forfeited property. Thus, each proposed use of the equipment must be examined to ensure it meets this statutory mandate.

HUBERT H. HUMPHREY III
Attorney General

LEROY C. PADDOCK
Assistant Attorney General

AG:89328 v1